IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK BANKS, AS NEXT FRIEND OF LAUREL SCHLEMMER,** | : : : | **CIVIL NO. 1:18-CV-1172** |
| | : | **(Chief Judge Conner)** |
| **Petitioner** | : : | |
| v. | : : | |
| **PENNSYLVANIA DEPARTMENT OF CORRECTIONS, JEFFREY MANNING,** | : : : : : | |
| **Respondents** | : | |

# **ORDER**

AND NOW, this 29th day of November, 2018, upon consideration of the petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241, filed by petitioner Frederick Banks on behalf of Laurel Schlemmer, wherein he challenges the indictment against Schlemmer and requests, *inter alia*, that Schlemmer be released from custody,[1] and upon consideration of the federal habeas statute, which provides that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf", 28 U.S.C. § 2242, and that a litigant seeking to prosecute a "next friend" habeas petition "must establish the requisite [Article III] standing to sue", Whitmore v. Arkansas, 495 U.S. 149, 154 (1990), accord In re Zettlemoyer, 53 F.3d

---

[1] Laurel Schlemmer was found guilty, but mentally ill, of two counts of third-degree murder for drowning her two youngest sons in a bathtub. See Commonwealth v. Schlemmer, No. CP-02-CR-0008490-2015 (Allegheny Cty. 2015). She was sentenced to a term of imprisonment of 30 to 80 years. Id.

24, 26-27 (3d Cir. 1995) (per curiam), and, further, a petitioner seeking "next friend" standing must "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action", and must demonstrate that he is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate" and has some "significant relationship" with that person, Whitmore, 495 U.S. at 164 (citations omitted), and it appearing that Banks has failed to establish that Laurel Schlemmer is unable to litigate her own case, and failed to establish that he has a significant relationship with Laurel Schlemmer, and the court finding that Banks therefore failed to meet his burden to establish "next friend" standing, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) filed by Frederick Banks on behalf of Laurel Schlemmer is DISMISSED for lack of standing.

2. The Clerk of Court is directed to CLOSE this case.

       /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania